THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWIGHT HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES W DRAPER,<br><br>　　　　　Defendant. | CASE NO. C12-1409-JCC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's motion to compel production of documents (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff alleges that Defendant's debt collection activity violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1962. (Dkt. No. 1.) The debt apparently arose from a retail installment contract that Plaintiff entered into with an auto dealer when he purchased a pick-up truck. (Dkt No. 1 at 9.) Alaska Federal Credit Union purchased the contract and currently holds it. (Dkt. No. 10 at 8.) Defendant represented Alaska Federal Credit Union in a state court proceeding where the King County Superior Court entered judgment against Plaintiff and in favor of Alaska Federal Credit Union for the outstanding balance of the debt plus attorney's fees.

(Dkt. No. 10 at 5–7.)

Plaintiff filed this action after the state court proceeding was filed. Plaintiff propounded upon Defendant six requests for production[1] ("RFP"). (Dkt. No. 7.) Defendant produced two documents in response to the RFP. Defendant objected to four of the requests and produced nothing in response to those requests. (Dkt. No. 8 at 12–14.)  Plaintiff moves to compel production of documents. Although Plaintiff's motion appears to include a list of the disputed discovery requests, the text included in the motion is not the same as the text included in the RFP. (*Compare* Dkt. No. 8 at 1–3 *with* Dkt. No. 7 at 1–2.) For purposes of this motion, the Court assumes that Plaintiff's motion applies to all four of the RFP that Defendant refused to answer.

## II.   DISCUSSION

### A.   Failure to Meet and Confer

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel production of documents "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." Plaintiff's motion lacks the required certification. Moreover, Defendant avers that Plaintiff never contacted him to request a conference before filing the instant motion. (Dkt. No. 10 at 1.) Because Plaintiff is proceeding pro se, the Court will not impose sanctions against Plaintiff for this first violation of the discovery rules. If Plaintiff files any further discovery motions without: (1) contacting opposing counsel in a good-faith attempt to resolve the matter without intervention by the Court; or (2) including the proper certification in the motion, the Court will impose monetary sanctions against Plaintiff.

### B.   Plaintiff's Motion to Compel

#### 1.  Plaintiff's First Request for Production

Plaintiff requests production of "all communications between the Defendant and its client

---

[1] The requests are not separately numbered in Plaintiff's discovery request but the Court addresses them in the order in which they appear in Plaintiff's RFP.

ALASKA USA CREDIT UNION in regards to the allege [sic] debt the contract based on." A party is not entitled to obtain discovery of privileged information. *See* Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery). Confidential communications between an attorney and his client that are made for the purpose of obtaining legal assistance are privileged and not discoverable. *See Fisher v. United States*, 425 U.S. 391, 403 (1976). Plaintiff's discovery request expressly seeks communications between the Defendant and his client related to Alaska Federal Credit Union's legal action against Plaintiff. Such communications are privileged and not discoverable. Accordingly, Plaintiff's motion to compel a response to his first request for production is DENIED.

### 2. Plaintiff's Second Request for Production

Plaintiff's second discovery request seeks "all corporate records" of Alaska Federal Credit Union. It does not appear to the Court that Plaintiff's motion to compel applies to this request. To the extent that it does, however, the motion is denied as the request seeks entirely irrelevant information, is overbroad and burdensome, and seeks documents not within the control of the defendant. *See* Fed. R. Civ. P. 26 (defining the scope of discovery), 34(a)(1) (permitting discovery of documents in "the responding party's possession, custody or control"). The Court will sanction Plaintiff for further burdensome or extremely broad requests of this nature. *See* Fed. R. Civ. P. 26(f)(3).

### 3. Plaintiff's Third and Fourth Requests for Production

In response to these requests Defendant produced an electronic copy of the title to Plaintiff's pick-up truck and a copy of a check for the only payment Plaintiff has made to Defendant. (Dkt. No. 8 at 12–16.) Nothing further is required.

### 4. Plaintiff's Fifth Request for Production

Plaintiff seeks "all communications between the Plaintiff, and Defendant's client ALASKA USA CREDIT UNION with regard of retaining the Defendant for collection of allege [sic] debt." (Dkt. No. 7 at 1.) It appears that Plaintiff seeks a copy of the fee agreement between

Defendant and his client. Such information is generally not protected by the attorney-client privilege. *See United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995). There are exceptions to this general rule, but Defendant has made no argument that any of them apply. Defendant also made a general relevance objection to Plaintiff's request in his response to the RFP. (Dkt. No. 8 at 12–13.) Defendant, however, did not argue relevance in response to the motion to compel. Accordingly, Plaintiff's motion to compel production of the fee agreement between Defendant and his client is GRANTED.

### 5. Plaintiff's Sixth Request for Production

Plaintiff seeks production of "any and all communication between the Plaintiff, Defendant and ALASKA CREDIT UNION with regards of the allege [sic] debt." (Dkt. No. 7 at 2.) Defendant again argues that the requested information is protected by attorney-client privilege. (Dkt. No. 9 at 3.) The request, however, applies only to communications to which Plaintiff was a party. Such communications are not confidential and are not protected by the attorney-client privilege. Accordingly, Plaintiff's motion to compel is GRANTED with respect to responsive communications that are in Defendant's custody or control. Defendant is not required to produce any communications solely between himself and his client.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 8) is GRANTED in part and DENIED in part. Defendant shall supplement his response to Plaintiff's RFP in accordance with this order within fourteen days of the date of this order. Each party shall bear its own costs associated with the motion.

//

//

1    DATED this 8th day of January 2013.

                                                                John C. Coughenour
                                                                UNITED STATES DISTRICT JUDGE