UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DWIGHT M. HOLLAND,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES W. DRAPER,<br><br>　　　　　　　　　　Defendant. | No. 12-CV-1409-JCC<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** |

Defendant, James W. Draper (hereafter "Draper" or "the undersigned"), respectfully submits the following Response to Plaintiff, Dwight M. Holland's (hereafter "Plaintiff" or "Holland") Motion to Amend Complaint

**I    RELIEF REQUESTED:**

Draper requests entry of an Order denying Holland's Motion to Amend Complaint without prejudice

**II    ARGUMENT AND AUTHORITY WITH RESPECT TO MOTION TO AMEND:**

While Federal Rule of Civil Procedure 15 does allow amendments to the pleadings with court approval and, generally speaking, such approval shall be freely granted, this particular amended pleading should not be allowed for the following reasons.

RESPONSE TO MOTION TO AMEND COMPLAINT -1
12-CV-1409-JCC

JAMES W. DRAPER
ATTORNEY AT LAW
400 – 108th Avenue NE, Suite 420
Bellevue, WA 98004
Phone: (425) 646-0104
Facsimile: (425) 646-2867

1. **HOLLAND IS COLLATERALLY ESTOPPED FROM RE-LITIGATING FACTUAL ISSUES ON WHICH THE FDCPA AND CPA CLAIMS IN HIS PROPOSED AMENDED COMPLAINT ARE PREDICATED.**

Paragraphs 10-23, 30-36, and 43-46, among others, of the proposed Amended Complaint, indicate that Mr. Holland is attempting to base his claims on facts that are contrary to the facts as determined in the State Court action. For example, Mr. Holland alleges that "In said DUNN letter defendant (Mr. Draper) claimed plaintiff (Mr. Holland) defaulted on the allege debt." Then in paragraph 46, Mr. Holland alleges that Mr. Draper "misled the court when it claimed the plaintiff (Mr. Holland) is in default, …". Mr. Holland is attempting to base a claim on the alleged fact that he was not in default on the obligation to Alaska USA. But that fact was necessarily determined by the State Court when it awarded Alaska USA Summary Judgment. How can Mr. Draper have "misled the court" about Mr. Holland being in default when the State Court necessarily found that that fact was true? By entering that Summary Judgment, the State Court necessarily determined that there was a valid debt, that Plaintiff defaulted on that debt, that Alaska USA was entitled to demand the immediate payment of the debt and that the amount for which Summary Judgment was entered was justly due and owing from Plaintiff to Alaska USA. If Holland wants to challenge those determinations, his relief is to appeal the Summary Judgment, which he is doing. But he should be collaterally estopped from re-litigating any factual issues that were necessarily determined by the State Court. In *Northwest Sea Farms, Inc. v. United States Army Corps of Engineers, 931 F.Supp. 1515 (W.D.Wash. 1996),* the Court said, "In determining the extent to which state judgments are entitled to preclusive effect in the federal arena, the Court must look to the relevant state law standards of res judicata and collateral estoppel. Fernhoff v. Tahoe Regional

RESPONSE TO MOTION TO AMEND COMPLAINT -2
12-CV-1409-JCC

JAMES W. DRAPER
ATTORNEY AT LAW
400 – 108th Avenue NE, Suite 420
Bellevue, WA 98004
Phone: (425) 646-0104
Facsimile: (425) 646-2867

Planning Agency, 803 F.2d 979, 986 n. 8 (9th Cir. 1986). …The doctrine of collateral estoppel differs from res judicata in that it precludes re-litigation of specific issues actually litigated and necessary determined by a court. Shoemaker v. Bremerton, 109 Wash.2d 504, 507, 745 P.2d 858 (1987). Four elements are required for the application of collateral estoppel: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the decision on the issue is asserted must have been a party to, or in privity with a party to, the prior litigation; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." *Northwest Sea Farms at 1522*. All of the elements are present here. Mr. Holland should not be permitted to re-litigate whether his obligation to Alaska USA was valid, whether he was in default, whether Alaska USA was entitled to demand payment in full, and the amount due. All of these issues were necessarily determined against Mr. Holland in the State Court action. This Court should not have to parse Mr. Holland's Amended Complaint paragraph by paragraph to delete the offending paragraphs. His Motion to Amend should be denied without prejudice to re-filing of a well-founded motion and Amended Complaint.

    2.    DRAPER DID NOT "MISLEAD" ANYONE OR "MISREPRESENT" ANYTHING.

The Summary Judgment that was entered against Mr. Holland in the State Court action states the evidence on which it was based. It was based on the Declaration of Michelle Banks, a representative of Alaska USA Federal Credit Union. The Declaration of James W. Draper only attached copies of correspondence between his office and Mr. Holland and testified regarding the costs and fees that were incurred in pursuing the action. Mr. Draper did not "testify" to any facts regarding Mr. Holland's making of the contract, his default, or the amount due on the contract.

RESPONSE TO MOTION TO AMEND COMPLAINT -3
12-CV-1409-JCC

JAMES W. DRAPER
ATTORNEY AT LAW
400 – 108th Avenue NE, Suite 420
Bellevue, WA 98004
Phone: (425) 646-0104
Facsimile: (425) 646-2867

Those facts were established by the Declaration of Michelle Banks. Not only is Mr. Holland attempting to re-litigate the facts by his proposed Amended Complaint, he is trying to make Mr. Draper responsible for arguing the facts that were sworn to under oath by the Declaration of a representative of the creditor, Alaska USA Federal Credit Union.

     In conclusion, there was no "gatekeeper" when Mr. Holland filed his original Complaint. No one reviewed it prior to his commencement of this action. But now the Court is a "gatekeeper" so to speak. Mr. Holland must obtain the Court's approval to file his Amended Complaint. So while, generally, approval to amend should be freely given, the Court should not approve an amendment that is so clearly without merit in several regards, and which will simply increase the costs of this litigation for the Court and the parties. The Motion to Amend should be denied without prejudice.

DATED: January 23, 2013

/s/ James W. Draper
James W. Draper, Defendant
WSBA No. 9249
400 108th Ave. N.E., Suite 420
Bellevue, WA 98004
(425) 646-0104
jwdraper7@aol.com

## CERTIFICATE OF SERVICE

I certify that on this day a true and correct copy of this document was mailed via U.S. Mail, first class, postage prepaid, to:

Dwight M. Holland
325 Washington Ave. S., #332
Kent, WA 98032

     I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is true and correct.

DATED:    January 23, 2012        /s/James W. Draper
              Bellevue, Washington      James W. Draper

RESPONSE TO MOTION TO AMEND COMPLAINT
-4
12-CV-1409-JCC

JAMES W. DRAPER
ATTORNEY AT LAW
400 – 108th Avenue NE, Suite 420
Bellevue, WA 98004
Phone: (425) 646-0104
Facsimile: (425) 646-2867