Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DWIGHT M. HOLLAND,

Plaintiff,

vs.

JAMES W. DRAPER,

Defendant.

No. 12-CV-1409-JCC

DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

NOTED FOR HEARING: MARCH 15, 2013

## I. INTRODUCTION

Defendant James W. Draper moved for summary judgment dismissal of all claims alleged by Plaintiff Dwight M. Holland. (ECF No. 22-24).

1) Plaintiff's 15 U.S.C. § 1692e claim fails because Mr. Draper clearly identified himself as collecting a debt in his April 11, 2012 letter, (ECF No. 19-1, Ex. A), and Plaintiff attempts to raise and/or re-litigate new issues that are neither genuine nor material.

2) Plaintiff's 15 U.S.C. § 1692g(b) claim fails where it is undisputed that Mr. Draper verified the debt, (ECF No. 19-1, Ex. J), and such verification was compliant.

3) Plaintiff fails to support the *Hangman Ridge* factors, so the CPA claim fails.

## II. POINTS AND AUTHORITIES

### A. This Court should disregard issues that are not genuine and alleged facts that are not material.

To preclude summary judgment, issues raised must be genuine and facts asserted must be material. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). *See*

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Plaintiff now argues that Mr. Draper was a governor of a company called Northwest Trustee Services, LLC ("Northwest"), that this company was sued many times, and that this prevents summary judgment. *See* (ECF No. 25 at 7, 8, 21, 24, 25; ECF No. 26 at ¶¶ 30-35). As an initial matter, Plaintiff's new argument is in error. At one point, Mr. Draper had a company called "Northwest Trustee, Inc." (ECF No. 26-9, Ex. I at I-1). The company discussed by Plaintiff, "Northwest Trustee ***Services, LLC,***" (*id.* at I-2), is a separate company with which Mr. Draper is not affiliated. More important, this lawsuit is not against Northwest, and nothing Northwest allegedly did is at issue here. Thus, issues regarding Northwest are not genuine or material, so these alleged facts do not prevent this Court from entering summary judgment in favor of Mr. Draper. In addition, there is no allegation in Plaintiff's Complaint regarding Northwest, and Plaintiff cannot amend his complaint by arguments in opposition to summary judgment. *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment"); *Gilmour v. Gates, McDonald*, 382 F.3d 1312, 1314-15 (11th Cir.2004) (same); *Parker-Darby v. Dep't of Homeland Sec.*, 869 F. Supp. 2d 17, 24 (D.D.C. 2012) (same).

**B. Pursuant to 28 U.S.C. § 1738, this Court should disregard Plaintiff's attempts to re-litigate the underlying lawsuit.**

Plaintiff expends significant testimony rearguing his state court case and disputing the outcome of that action. (ECF No. 26 at ¶¶ 3-29, 36-40). This Court should disregard Plaintiff's attempt to re-litigate the state court action where 28 U.S.C. § 1738 requires this Court to give preclusive effect to the state court judgments. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466, 102 S. Ct. 1883, 1889, 72 L. Ed. 2d 262 (1982). Plaintiff argues that collateral estoppel does not apply because: (1) Mr. Draper is not identical with his client Alaska, (2) the issues are different here than the state case, and (3) that the state court's orders are insufficient to support

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

collateral estoppel. (ECF No. 25 at 10-11). No argument is necessary for this Court to see that the state court orders are the type to be given preclusive effect. (ECF No. 19-1, Ex. K, Ex. M). In regard to identity of parties, courts hold that the attorney-client relationship establishes privity for purposes of collateral estoppel. *Weinberger v. Tucker*, 510 F.3d 486, 493 (4th Cir. 2007) (citing *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n. 6 (7th Cir.1986)). While this case presents different issues than the underlying lawsuit, Plaintiff seeks to establish liability by trying to re-litigate issues determined by the state court. This Court should give full faith and credit to the state court and reject arguments and allegations that were were rejected by the state court.

**C. The Fair Debt Collection Practices Act.**

**1. Alleged violations of 15 U.S.C. § 1692e.**

**a. Identification as collecting a debt under § 1692e(11).**

Plaintiff alleges Mr. Draper failed to adequately identify himself as a debt collector in his April 11, 2012 letter in violation of 15 U.S.C. § 1692e(11), but in his letter, Mr. Draper clearly identified himself as collecting a debt, stating among other things:

> … THE LAW REQUIRES ME TO SUSPEND ANY EFFORTS TO COLLECT THIS DEBT UNTIL I MAIL THE REQUESTED INFORMATION TO YOU.
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT, AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(ECF No. 19-1, Ex. A).

Plaintiff argues:

> What's missing from Draper's initial letter that would have made his position clear to Holland is the following:
>
> <u>THIS LAW OFFICE IS A DEBT COLLECTOR, </u>THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

(ECF No. 25 at 5) (underline in original).

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

In *Ross v. Commercial Fin. Services, Inc.*, 31 F. Supp. 2d 1077 (N.D. Ill. 1999), Plaintiff alleged the same violation upon similar language, but the district court held:

> [P]laintiff's argument … is utterly specious in light of the fact that the entire context of the letter is to settle an existing debt, and that the letter contains in bold print the statutory requirement for initial communications:
>
> > Please understand that this is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Plaintiff has presented no authority directly supporting her position that the disclosure must use the exact term "debt collector" as found in § 1692e(11).

*Ross*, 31 F. Supp. 2d at 1079. *See also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2nd Cir. 1989) ("there simply is no requirement that the [Notice] quote verbatim the language of the statute"). Likewise, the FDCPA does not protect Plaintiff by virtue of a bizarre intentional misreading of the letter. *Wan*, 369 F. Supp. 2d at 1162; *Rosa*, 784 F.Supp. at 3; *Wilson*, 225 F.3d at 354-55; *Peters*, 277 F.3d at 1055; *Miller*, 561 F.3d 5at 592.

**b. Plaintiff's claims of additional alleged misrepresentations also fails for the reasons set forth**

Plaintiff seeks to inject other new issues into the lawsuit, but these issues are also insufficient to overcome summary judgment.

Plaintiff argues: "Where debt collectors mass produce and mail form letters printed on an attorney's letterhead and cursorily signed by the attorney, Courts find section 1692e(3) liability." (ECF No. 25 at 16). There is no allegation in Plaintiff's Complaint that Mr. Draper mass produces and mails form letters, and Plaintiff cannot amend his complaint through arguments made in opposition to summary judgment. *Shanahan*, 82 F.3d at 781; *Gilmour*, 382 F.3d at 1314-15. In addition, even if Plaintiff had pled such a claim, he did not present any evidence that that Mr. Draper mass produces and mails form letters, so he has not met his burden under Rule 56(e). Therefore, this un-pled claim also fails.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Plaintiff argues that the April 11, 2012 letter is misleading because it: (1) "stated the amount of $6,256.05 when it was actually $6213.53," and (2) "alluded to the last payment Alaska received was in February 2012 when in reality the last payment sent and accepted Alaska was in April, 2012." (ECF No. 25 at 5 ¶¶ 2-3). In regard to Plaintiff's argument about the alleged difference in the amount in the letter: (1) the amount was accepted as correct and accurate by the trial based on the evidence before it, so that Plaintiff cannot re-litigate it here, 28 U.S.C. § 1738, and (2) the alleged difference of $ 42.52 between the amounts in the letter and what Plaintiff claims it should be, though not precisely the same, is not actionable since it is "immaterial" (i.e., did not undermine Plaintiff's ability to intelligently choose his action concerning the debt). *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010).

In regard to the alleged April payment, Plaintiff sent Alaska a check for $ 125 containing the statement "final payment on loan." (ECF No. 19-1, Ex. F). This was soon after he sent Alaska a check containing the words, "do not deposit, for EFT only". (ECF No. 23-1, Ex. C). Alaska declined to deposit it because it was not full payment, and Alaska did not want to give Plaintiff an argument that his debt had been discharged. (ECF No. 24-1 at 13:24-14:3). The state court understood this was not proper payment and accepted the amount of the debt based on the evidence, as reflected by compelling Plaintiff to pay this amount. Plaintiff cannot re-litigate this issue here, 28 U.S.C. § 1738, and an incorrect statement of the precise date of an alleged payment is not actionable since it is "immaterial". *Donohue*, 592 F.3d at 1033-34.

Plaintiff argues that Mr. Draper and Ms. Banks "perjured themselves" by asserting that Plaintiff defaulted on his loan. (ECF No. 25 at 6 ¶ 5). Plaintiff claims he never defaulted on the loan. (*Id.*) Plaintiff had an opportunity to argue his claims to the state court, and did so, but the Court entered judgment against Plaintiff on the evidence submitted to it, reflecting that the state court considered and determined that a default occurred. (ECF No. 19-1, Ex. K, Ex. M). Plaintiff cannot re-litigate this issue here. 28 U.S.C. § 1738.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Plaintiff argues that Mr. Draper stated at oral argument that "We lent the defendant money to purchase his vehicle." (ECF No. 25 at 6 ¶ 5). Plaintiff argues this is false because Mr. Draper's client Alaska never gave him a check or cash. (*Id.*) However, Alaska had a valid security interest in the vehicle. (ECF No. 19-1, Ex. M at 2 ¶ 2.4). Once again, Plaintiff cannot re-litigate this issue here, 28 U.S.C. § 1738, and this statement made in oral argument is immaterial and thus not actionable under § 1692e. *Donohue*, 592 F.3d at 1033-34.

Plaintiff argues that the state court erred by hearing the collection action based on "an unverified complaint signed by Draper himself and the illegible, unauthentic, unverified copy of the contract." (ECF No. 25 at 7 ¶ 7). Not only does the argument lack merit, as Mr. Draper was permitted to sign a complaint on behalf of his client Alaska, but Plaintiff cannot re-litigate this issue here, 28 U.S.C. § 1738, and considering the argument would likely violate the *Rooker-Feldman* doctrine. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

Plaintiff discusses Northwest, (ECF No. 25 at 7-8 ¶¶ 11-13), but nothing Northwest allegedly did is at issue here, so issues raised regarding Northwest are not genuine or material, and do not prevent this Court from entering summary judgment in favor of Mr. Draper. *See Anderson*, 477 U.S. at 248; *Radobenko*, 520 F.2d at 544. Plaintiff also cannot amend his complaint through arguments made in opposition to summary judgment. *Shanahan*, 82 F.3d at 781; *Gilmour*, 382 F.3d at 1314-15. Plaintiff's § 1692e claim thus fails as a matter of law.

**2. Alleged violation of 15 U.S.C. § 1692g(b).**

Plaintiff alleges that Mr. Draper failed to adequately verify the debt, as required by 15 U.S.C. § 1692g(b). (ECF No. 19 at ¶¶ 47-53). It is undisputed that Mr. Draper verified the debt with a letter, a copy of the Retail Installment Contract, and a computer generated payoff for April 10, 2012 containing principal, interest, late charges due, plus a per diem interest figure. (ECF No. 19-1, Ex. J). Plaintiff argues that the verification was deficient because: "[t]he letter did not indicate the amount or basis of the charges underlying the current balance,

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

nor did it indicate the dates on which such charges were incurred, (ECF No. 25 at 19); and, "failed to indicate whether interest was factored into the current balance, and, if so, at what rate and for what time period." (*Id.*) None of this information is required to verify a debt.

Plaintiff cites *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1203 (9th Cir. 1999), and appears to argue that *Mahon* provides the minimum standard required for verification. (ECF No. 25 at 18). However, the Ninth Circuit expressly rejected the contention that *Mahon* sets the standard, holding "[w]e decline to impose such a high threshold. Rather, we adopt as a baseline the more reasonable standard articulated by the Fourth Circuit in *Chaudhry v. Gallerizzo*. *See Clark*, 460 F.3d at 1173-74. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id.* (quoting *Chaudhry*, 174 F.3d at 406). Plaintiff argues: "Cases are unclear as to what is sufficient under the FDCPA." (ECF No. 25 at 18). This statement is erroneous, as *Clark* sets the standard.

The FDCPA does not impose on a debt collector any duty to investigate independently the claims presented by the creditor. *Clark*, 460 F.3d at 1174. Furthermore, "[c]ourts do not impute to debt collectors other information that may be in creditors' files - for example, that debt has been paid or was bogus to start with." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). At bottom, "confirmation of the amount of the debt and the identity of the creditor, which is then relayed to the debtor, is sufficient." *Wittenberg v. Wells Fargo Bank, N.A.*, 852 F.Supp.2d 731, 753 (N.D.W.Va. 2012). As a matter of law, the letter and documentation sent to Plaintiff was sufficient verification. *See* (ECF No. 19-1, Ex. J).

**D. Alleged violation of RCW 19.86.020.**

Plaintiff alleges that Mr. Draper violated RCW 19.86.020. (ECF No. 19 at ¶¶ 53-60). "[T]o prevail in a private CPA action … a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

**1. Mr. Draper did not utilize an unfair or deceptive act or practice.**

Acts performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct violative of the consumer protection law. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 155, 930 P.2d 288, 299 (1997); *Schelinski v. Midwest Mut. Ins. Co.*, 71 Wn. App. 783, 273, 863 P.2d 564 (1993)); *Watkins v. Peterson Enterprises, Inc.*, 57 F. Supp. 2d 1102, 1111 (E.D. Wash. 1999). Despite Plaintiff's efforts through hyperbolae to make the April 11, 2012 letter appear nefarious, it is a simple letter clearly sent in good faith under an arguable interpretation of the law.

Plaintiff argues an act is "deceptive" if "the actor misrepresented something of ***material importance***." (ECF No. 25 at 22) (citing *Hiner v. Bridgestone/Firestone, Inc*., 91 Wn. App 722, 730, 959 P.2d 1158 (1998), *reversed in part* 138 Wash.2d 248 (emphasis added). "Whether particular actions are unfair or deceptive is reviewable as a question of law." *Hiner*, 91 Wn. App at 730. Plaintiff identified the allegedly deceptive conduct as follows.

> Misrepresented information has been located in Draper's dunning letter dated April 11th, 2012 as it has been pointed out above. For example the allege amount of the debt of $6256.13 as compose to Michelle Banks' declaration, of $6213.63 [Ex. J-2 ¶7] (adding the same two above figures). Coupled with the fact that Draper in his dunning letter to Holland has failed identified himself as a debt collector.

(ECF No. 25 at 22-23).

As stated above, in his letter of April 11, 2012, Mr. Draper clearly identified himself as one collecting a debt. *See* (ECF No. 19-1, Ex. A). As a matter of law, not having the words "I am a debt collector" in this letter is not a violation of the CPA. Likewise, Michelle Banks offered a declaration to the Court in which Alaska supported the amount of the debt owed. (ECF No. 23-1). This was testimony offered by Mr. Draper's client in the underlying lawsuit.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Not only is the difference between $6256.13 and $6213.63 not material, and therefore not actionable, but the correctness was accepted upon evidence in the state court and cannot be re-litigated here. 28 U.S.C. § 1738. In addition, Ms. Banks' testimony offered to the state court for purposes of litigation is protected by Washington's litigation privilege, and is not subject to CPA claims. *See e.g., McNeal v. Allen*, 95 Wn.2d 265, 267-68, 621 P.2d 1285 (1980); *Bruce v. Byrne-Stevens & Assoc. Engineers, Inc.*, 113 Wn.2d 123, 126-27, 776 P.2d 666 (1989); *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 477, 564 P.2d 1131 (1977). Plaintiff has failed as a matter of law to support the element of an unfair or deceptive practice.

**2. The underlying litigation did not occur in trade or commerce.**

The second element of the Hangman Ridge test requires a showing that the act in question occurred in "trade or commerce". *Hangman Ridge*, 105 Wn.2d at 780. Plaintiff first raises a claim not pleaded, that Mr. Draper has allegedly violated the WCAA by acting as an unlicensed collection agency. (ECF No. 25 at 23). Plaintiff cannot amend his complaint to add this claim in opposition to a motion for summary judgment, *Shanahan*, 82 F.3d at 781; *Gilmour*, 382 F.3d at 1314-15. Even if he could, he has not supported this claim with evidence, as required by Rule 56 (e). Thus, this argument immediately fails.

The term "trade" as used by the CPA includes entrepreneurial or commercial aspects of professional services, not the substantive quality of services provided. *Michael v. Mosquera-Lacy*, 165 Wash. 2d 595, 602-03, 200 P.3d 695, 699 (2009). Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence and are exempt from the CPA. *Id*. Plaintiff first argues: "As required by law when in the act of collecting a debt for a client (Original Creditor) the attorney is subject to the rules of FDCPA." (ECF No. 25 at 23). But here we are analyzing a CPA claim, not an FDCPA claim, so this argument does not apply. Plaintiff next argues: "In Draper's collection efforts under the eyes of the law he is considered a debt collector." *Id*. (citing *Barows v. Chase Manhattan Mortg.*

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Corp*., 465 F. Supp. 2d 347, 361 (D.N.J. 2006) (analyzing New Jersey's Consumer Fraud Act). There is no analysis of entrepreneurial aspects in *Barows*, which does not apply here. Plaintiff has also failed to support the second element of *Hangman Ridge* where he has not shown that the actions of attorney Draper implicated the entrepreneurial aspects of his practice.

**3. The public interest impact is not implicated.**

The third element is a public interest showing. *Hangman Ridge*, 105 Wn.2d at 787. The only ground asserted by Plaintiff for the public impact element is that allegedly "Draper is owner of a company called Northwest Trustee Serv. Inc." (ECF No. 25 at 24-25). But nothing Northwest allegedly did is at issue here, so issues raised regarding Northwest are not genuine or material, and do not prevent this Court from entering summary judgment in favor of Mr. Draper. *See Anderson*, 477 U.S. at 248; *Radobenko*, 520 F.2d at 544. Plaintiff does not state any other ground for meeting the public interest impact.

**4. Alleged damages.**

The damages alleged by Plaintiff all relate to the state court collection action, which he lost. (ECF No. 26 at ¶ 29). "[P]laintiffs are not injured in the amount collected when the plaintiff owed the debt even where the debt collector violated state law in doing so." *Moritz v. Daniel N. Gordon, P.C.*, --- F. Supp. 2nd --- , C11-1019JLR, 2012 WL 3985823 at *16-17 (W.D. Wash. Sept. 11, 2012). Here, the state court found that Plaintiff owed the money, and his payment of fees and costs in the underlying state court action were part of the payment. Plaintiff was not injured as contemplated under the CPA.

**5. Mr. Draper's April 11, 2012 letter or verification of the debt were not a proximate cause of any damages.**

Only a person 'injured in his business or property by a violation of RCW 19.86.020 may bring a private action. RCW 19.86.090. Thus, a causal link is required between the unfair or deceptive acts and the injury suffered by plaintiff. *Hangman Ridge*, 105 Wn.2d at 792-793.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. Local Rule CR 7(b)(2). *See e.g.*, *Manning v. Washington*, 463 F. Supp. 2d 1229, 1239 (W.D. Wash. 2006) ("[t]he defendants move for summary judgment on Mr. Manning's claims that the troopers were negligently trained and supervised. The plaintiff does not respond to this portion of the motion. Because the plaintiff fails to respond, the motion should be granted in this respect"). Here, Plaintiff did not address the element of causation, so he has implicitly admitted that this argument has merit. "Since private CPA plaintiffs must establish all five elements, the finding that [any] element is not met is fatal to plaintiffs' claim." *Hangman Ridge*, 105 Wn.2d at 793.

Even if there were damages here, the alleged unfair and/or deceptive acts, (i.e., insufficient language in the April 11, 2012 letter and insufficient verification), did not cause Plaintiff's alleged damage. Plaintiff's damage, if any, were caused by his own failure to pay his debt, which was set in motion by: (1) his check # 193, which contained the words, "do not deposit, for EFT only," (ECF No. 19-1, Ex. B), (2) his April 6, 2012 check for $ 125 that contained the statement "final payment on loan." (ECF No. 19-1, Ex. F), and (3) his nonsensical arguments to the state court. *See e.g.*, (ECF No 24-1 at 11:6-22; ECF No. 24-2). Therefore, Plaintiff fails to establish the fifth element of a CPA claim.

**6. The element of standing.**

Plaintiff argues that, under *Heintz v. Jenkins*, Mr. Draper was acting as a debt collector and not an attorney. But *Heintz* only stands for the proposition that, based on the FDCPA's legislative history, the FDCPA may apply to lawyer that is regularly engaged in consumer debt-collection litigation on behalf of a creditor client. There is nothing in *Heintz* about the CPA. Plaintiff cites *Campion v. Credit Bureau Services*, 206 F.R.D. 663, 668 (E.D. Wash. 2001), for the premise that he has standing to bring a CPA claim. While *Campion* does discuss "standing," it is distinguishable because it relates to a different type of "standing" that prevents

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

a bankrupt debtor from having standing if he did not disclose a cause of action in a bankruptcy schedule. *See Hay v. First Interstate Bank of Kalispell, N. A.*, 978 F.2d 555, 557 (9th Cir. 1992); *Linklater v. Johnson*, 53 Wn. App. 567, 569-570, 768 P.2d 1020 (1989). In *Campion*, the debtor initially did not include claims in bankruptcy schedules, but later filed amended schedules. *Campion* at 669. The court held that he had standing (i.e. was not judicially estopped) from bringing claims. That is a different type of "standing" than is at issue here.

Here, "standing" is the type discussed in *Jeckle v. Crotty*, 120 Wn. App. 374 (2004), which analyzes how permitting suit against an opposing party's attorney would impair an attorneys undivided loyalty to a client. *Id*. at 383-85. *See also Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 452 (S.D. Miss. 2011); *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998); *Bragg v. Chavez*, 2007 WL 5232464 (D.N.M. Aug. 2, 2007); *Jackson v. R.G. Whipple, Inc.*, 225 Conn. 705, 727, 627 A.2d 374, 384 (1993); *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App. 2005); *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 761, 750 P.2d 118, 122 (1988).

## III. CONCLUSION

For the reasons set forth herein, Mr. Draper requests that this Court dismiss all claims alleged by Plaintiff and to dismiss this lawsuit with prejudice.

Respectfully submitted this 14th day of March, 2013.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg

Marc Rosenberg, WSBA 31034
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
mr@leesmart.com

Of Attorney for Defendant
James W. Draper

DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT - 12
12-CV-1409-JCC
5511122.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

DECLARATION OF SERVICE

I hereby certify that on the date provided below, I electronically filed with the Clerk of the Court using the CM/ECF system the foregoing document, which will send notification of such filing to the following individuals:

James Woodrow Draper
400 108th Ave. NE
Suite 420
Bellevue, WA 98004
425-646-0104
jwdraper7@aol.com

Mr. Dwight Holland
325 Washington Avenue S., Ste 322
Kent, WA 98032
dmanh3@comcast.net

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

DATED March 14, 2013, at Seattle, Washington.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
Marc Rosenberg, WSBA 31034
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
mr@leesmart.com

Of Attorney for Defendant
James W. Draper

DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT - 13
12-CV-1409-JCC
5511122.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944